# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| CARL LEWIS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>LAFAYETTE FEDERAL CREDIT UNION,<br><br>        Defendant. | Case No. 8:25-cv-01006 |
| RICARDO AVILES, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>LAFAYETTE FEDERAL CREDIT UNION,<br><br>        Defendant. | Case No. 8:25-CV-01035-DLB |
| JOSEPH MAUSTELLER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>LAFAYETTE FEDERAL CREDIT UNION,<br><br>        Defendant. | Case No. 8:25-cv-01039-DLB |

| | |
|---|---|
| ANDY WANG, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>LAFAYETTE FEDERAL CREDIT UNION,<br><br>    Defendant. | Case No. 8:25-cv-01050-DLB |
| SEBHIA M. DIBRA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>LAFAYETTE FEDERAL CREDIT UNION,<br><br>    Defendant. | Case No. 8:25-CV-01054-DLB |

**ORDER GRANTING PLAINTIFFS' MOTION
TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL**

WHEREAS, Plaintiffs Carl Lewis, Kristine Darbinyan, Ricardo Aviles, Joseph Mausteller, Andy Wang and Sebhia M. Dibra (collectively "Plaintiffs") have moved (the "Motion") for consolidation of their actions and appointment of their attorneys as interim class counsel under Fed. R. Civ. P. 23(g)(3) and 42(a); and

WHEREAS, the Court has carefully reviewed the motion and proposal of the parties, including all files, records, and prior proceedings to date in this matter, having heard argument from counsel, and good cause appearing based on the record;

Plaintiffs' Motion is GRANTED as follows:

**Consolidation**

Having reviewed the Motion and the complaints in all actions and having found that the cases involve some of the same issues of fact and law, grow out of the same alleged data breach involving Defendant Lafayette Credit Union ("Defendant" or "Lafayette"), have several of the same claims, and have proposed class definitions that will encompass the same persons, this Court finds that the cases have sufficient commonality of issues and parties to warrant consolidating the cases. This Court further finds that the benefits of consolidation are not outweighed by any risk of prejudice or jury confusion. The effect of such consolidation will be judicial economy and preserving the parties' resources, as well as avoiding disparate rulings in separate actions.

Accordingly, because this Court finds that the Related Actions have sufficient commonality of law and fact and Consolidation does not increase the risk of an unfair outcome, the Motion is GRANTED. As such, the Court ORDERS the following:

1. The above-listed actions shall be CONSOLIDATED for all purposes into the *Lewis* action, which is the lowest numbered case. All future pleadings, motions, briefs, and other papers shall be filed in the *Lewis* action, Case No. 8:25-cv-01006-DLB which shall hereinafter be a Consolidated Action. The Clerk is DIRECTED to close the remaining actions: *Aviles v. Lafayette Federal Credit Union,* No. 8:25-cv-01035 (D. Md.), *Mausteller v. Lafayette Federal Credit Union,* No. 8:25-cv-01039 (D. Md.), *Wang v. Lafayette Federal Credit Union,* No. 8:25-cv-01050 (D. Md.), and *Dibra v. Lafayette Federal Credit Union,* No. 8:25-cv-01054 (D. Md.).

2. All papers filed in the Consolidated Action shall be filed under Case No. 8:25-cv-01006-DLB, the number assigned to the first-filed case, and shall bear the following caption:

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| In re Lafayette Federal Credit Union Data Breach Litigation<br><br>This Document Relates To: | Master File No. 8:25-cv-01006-DLB |

3. The case file for the Consolidated Action will be maintained under Master File No. 8:25-cv-01006-DLB. When a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, e.g., "Case No. 8:25-CV-01035-DLB (*Aviles*)."

4. Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the forgoing shall be construed as a waiver of Defendant's right to object to consolidation of any subsequently-filed or transferred related action;

5. Plaintiffs shall file a consolidated complaint no later than 30 days following the appointment of interim class counsel;

6. Defendant shall have 45 days from the filing of the consolidated complaint to file a motion to dismiss or otherwise respond thereto, Plaintiffs shall have 30 days thereafter to file

4

their opposition, and Defendant shall have 21 days thereafter to file a reply in support;

7. This Order shall apply to the above-captioned matters, any subsequently consolidated action, any actions consolidated with the above-captioned matters, and any actions filed in or transferred or removed to this Court relating to the fact and the data breach underlying this litigation.

**Appointments to Interim Counsel Leadership Structure.**

*Plaintiffs' Interim Executive Committee*

The Court appoints Mariya Weekes of Milberg Coleman Bryson Phillips Grossman, PLLC, as Chair of Plaintiffs' Executive Committee and Mona Amini of Kazerouni Law Group, APC, Andrew J. Shamis of Shamis & Gentile, P.A. ("Shamis & Gentile"), Manuel S. Hiraldo of Hiraldo P.A., Nicholas Migliaccio of Migliaccio & Rathod, LLP, and Andrea R. Gold of Tycko & Zavareei LLP to Plaintiffs' Executive Committee as members of Plaintiffs Executive Committee for all Plaintiffs. Plaintiffs' Interim Executive Committee Counsel must assume responsibility for the following duties during all phases of this litigation:

a) Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings on behalf of Plaintiffs, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

b) Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

c) Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

d) Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

e) Serving as the primary contact for all communications between Plaintiffs and counsel for Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

f) Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

g) Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

h) Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

i) Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement;

j) Negotiating and entering into stipulations with counsel for Defendant as necessary for the conduct of the litigation;

k) Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

l) Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

m) Encouraging and enforcing efficiency among all Plaintiffs' counsel;

n) Assessing Plaintiffs' counsel for the costs of the litigation;

o) Preparing and distributing periodic status reports on behalf of Plaintiffs to the Court and to the parties as ordered;

p) Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses on behalf of Plaintiffs as further detailed below and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, the Executive Committee Chair Counsel also will recommend apportionment and allocation of fees and expenses on behalf of Plaintiffs subject to Court approval; and,

q) Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

**Additional Matters**

***Application of this Order***

This Order applies to all actions included in the above-captioned consolidated matter and all subsequently consolidated actions.

Plaintiffs Interim Executive Committee must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that Plaintiffs Interim Executive Committee is aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for ECF.

It is so ORDERED on this 16th day of May, 2025.

                                                              _____
                                                              The Honorable Deborah L. Boardman
                                                              United States District Judge